**Linda DEEN, as Surviving Spouse of Kenneth Deen, Deceased, Plaintiff,**

v.

**SHANNON EGLESTON, DDS, Defendant.**

**No. CV 209–104.**

United States District Court, S.D. Georgia, Brunswick Division.

Oct. 15, 2010.

Brent J. Savage, William H. Pinson, Jr., Savage & Turner, PC, Savannah, GA, for Plaintiff.

Morton G. Forbes, Scot V. Pool, Forbes, Foster & Pool, Savannah, GA, for Defendant.

## ORDER

LISA GODBEY WOOD, Chief Judge.

Presently before the court is Defendant's Motion for Partial Summary Judgment. For the reasons discussed below, Defendant's Motion is **granted** in part and **denied** in part.

## BACKGROUND

At this stage in the case, the Court views the facts in the light most favorable to Plaintiff, the nonmovant. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Viewed in such a light, the facts are as follows. On July 18, 2005, Kenneth Deen ("Mr. Deen") visited the offices of Tami M. Kidney, D.D.S. ("Dr. Kidney") d/b/a "Gentle Dental" in Brunswick, Georgia, complaining of a toothache. Mr. Deen had previously had a root canal performed by another dentist on tooth number nine, and the surgical site had become infected. Dr. Shannon Egleston ("Defendant") evaluated Mr. Deen and diagnosed him with a periapical abscess around tooth nine. Mr. Deen was not prescribed antibiotics at this time. Defendant referred Mr. Deen to an endodontist, Dr. Randolph Stevens.

On July 19, 2005, Mr. Deen visited Dr. Stevens. Dr. Stevens prescribed Mr. Deen an antibiotic. Dr. Stevens has testified that he called Gentle Dental and advised Gentle Dental of his proposed treatment plan. Neither this phone call nor the results of Mr. Deen's consultation with Dr. Stevens were recorded in Mr. Deen's patient records at Gentle Dental.

Mr. Deen again visited the offices of Gentle Dental on August 4, 2005, where dental hygienist Trina Dorsey performed on him a full-mouth debridement ("FMD"). A FMD is similar to a regular cleaning—it involves the same equipment and procedure as a regular cleaning—but is different in the patients on whom it is used (those with more calculus, or build-up, on their teeth) and in its results (it does not remove all calculus in one visit because of the greater amount initially present). Mr. Deen was not prescribed antibiotics during this visit. Ms. Dorsey recommended a scaling and root planning with anesthesia for Mr. Deen's next visit, and that was noted in Mr. Deen's chart. A dentist's initials would typically be found on a patient's chart to indicate that a dentist had evaluated the patient before dismissal, but no dentist's initials were present on Mr. Deen's chart for his August 4 visit. Mr. Deen did not return to Gentle Dental for treatment after August 4.

Subsequently, Mr. Deen began exhibiting symptoms. On or about August 14, 2005, Mr. Deen presented to the Brunswick Campus of Southeast Georgia Health System ("SGHS"), complaining of a headache. A lumbar epidural blood patch was placed on Mr. Deen and he was discharged the same day. On August 18, 2005, Mr. Deen again presented to SGHS, complaining of a severe headache and swollen eye. He was discharged shortly thereafter. He

then underwent a CT brain scan. According to the radiology report, Mr. Deen had suffered a hematoma, edema, and hemorrhage of the brain. Mr. Deen was sent home. Soon thereafter, Mr. Deen was found unresponsive at his home and transported to SGHS, where he underwent another CT scan, which revealed increased edema and possible encephalitis and subdural empyema. Mr. Deen remained hospitalized until December 8, 2005. His discharge diagnoses included, but were not limited to, subdural empyema. Mr. Deen died on April 24, 2009.

Prior to the commencement of the present action, Pat Deen, as Conservator for Kenneth Deen, and Linda Deen, individually, filed suit against Defendant Egleston, alleging medical malpractice, negligence per se, simple negligence, constructive fraud, and loss of consortium. Defendant moved for summary judgment in that action. Judge Alaimo granted Defendant's motion in part and denied it in part. The Court granted summary judgment on the grounds that "the evidence [was] insufficient to support any claim against Egleston for constructive fraud, and because the claims asserted for simple negligence and negligence per se [were] actually claims for medical malpractice" and thus required accompaniment by an expert affidavit pursuant to Georgia law, and Plaintiff had not filed an expert affidavit. *Deen v. Egleston*, 601 F.Supp.2d 1331, 1333 (S.D.Ga.2009) (Alaimo, J.). Judge Alaimo denied the motion on the ground that O.C.G.A. § 9-3-73 (Georgia's non-tolling provision for incompetent individuals with medical malpractice claims) was unconstitutional as applied to Mr. Deen. *Id.* The Eleventh Circuit reversed the partial denial of summary judgment on the constitutional issue. *Deen v. Egleston*, 597 F.3d 1223 (11th Cir.2010).

Plaintiff Linda Deen, wife of the deceased Mr. Deen, filed the present medical malpractice action against Defendant, this time filing an expert affidavit as required. Plaintiff alleges that Defendant's negligence in failing to properly diagnose and treat Mr. Deen was a direct proximate cause of Mr. Deen's subdural empyema.[1]

Defendant now moves for partial summary judgment on Plaintiff's claims against Defendant for negligence in failing to supervise dental hygienist Trina Dorsey on August 4, 2005, and negligence in failing to ensure that office personnel at Gentle Dental properly documented patients' charts.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue as to any material fact is "genuine" if, from the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

---

1. Plaintiff alleges that "[t]he subdural empyema is a direct proximate cause of the negligence of the Defendant in failing to properly diagnose and treat Mr. Deen." Compl. ¶ 23, ECF No. 1. The Court assumes that this statement was a typographical error, and that Plaintiff alleges instead that the negligence was a direct proximate cause of the subdural empyema.

317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party discharges this burden, the burden then shifts to the nonmoving party to offer affirmative evidence showing that a genuine issue of material fact does exist, requiring a trial. *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505. "[A] mere scintilla of evidence" is insufficient to satisfy this burden. *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir.2004).

## DISCUSSION

Defendant bases her motion for partial summary judgment on the contention that she cannot be held vicariously liable for dental hygienist Trina Dorsey's negligence if Ms. Dorsey dismissed Mr. Deen on August 4 without advising a dentist that the procedure on Mr. Deen was complete. Defendant argues that "the errors of Gentle Dental employees which do not constitute professional malpractice are not the errors of this Defendant" because Defendant was merely an employee of Dr. Kidney d/b/a Gentle Dental. Def.'s Br. 11–12, ECF No. 30–2.

Plaintiff's Response states that "Egleston's motion [for partial summary judgment] misses the nature of the claims raised"—that "Plaintiff does not argue that Egleston was vicariously liable for the negligence of the hygienist, but that she was negligent in failing herself to personally evaluate Mr. Deen." Pl.'s Resp. to Def.'s Mot. Partial Summ. J. [hereinafter Pl.'s Resp.] 8, ECF No. 48. Thus, the parties agree that vicarious liability is not a proper issue for a jury to determine, and summary judgment is therefore proper on any

vicarious liability claim against Defendant for hygienist Trina Dorsey's negligence.

Defendant also moves for partial summary judgment on Plaintiff's claim that "Defendant Egleston had a duty to ensure that office personnel working in Dr. Kidney's office properly document patient's charts with information relating to the patient's care, condition, and proposed course of treatment, and that as a result of this violation, Plaintiff Kenneth Deen was injured." Def.'s Br. 8–9, ECF No. 30–2. Defendant contends that respondeat superior is improper because Defendant was simply an employee of Dr. Kidney, and not an employer of any Gentle Dental staff. *Id.* at 10. However, as Plaintiff points out in her Response, "Plaintiff does not argue that Egleston was somehow vicariously liable for the negligence fo [sic] the members of the clerical staff to properly document Mr. Deen's chart with Dr. Stevens' findings." Pl.'s Resp. 8, ECF No. 48. Plaintiff argues instead that Defendant was *personally* negligent by not inquiring as to Dr. Stevens's findings. *Id.* Thus, the parties agree that vicarious liability for the recordkeeping of the Gentle Dental staff is not a proper issue for jury determination, and summary judgment is proper on this portion of Defendant's motion. Summary judgment is not proper, however, as to Plaintiff's claim that Defendant was personally negligent by not inquiring as to the endodontist's findings, as Defendant has not moved for summary judgment on this claim.[2]

## CONCLUSION

Defendant's Motion for Partial Summary Judgment is hereby **GRANTED** as

---

**2.** Defendant contends that the notation in Mr. Deen's record of Dr. Stevens's call was an office responsibility, for which Defendant was not responsible because Defendant was not the employer of the office staff. Def.'s Reply 2–3, ECF No. 52. This contention, however, goes only to Defendant's vicarious liability arguments and does not amount to moving for summary judgment on Plaintiff's claim that Defendant was professionally negligent (directly liable) in failing to inquire into Dr. Stevens's findings.

to claims that Defendant was vicariously liable for failing to supervise dental hygienist Dorsey on August 4, 2005. Summary judgment is also proper as to the claim that Defendant is vicariously liable for the recordkeeping of office personnel. Summary judgment is improper and is **DENIED** as to the claim that Defendant was personally (professionally) negligent in not inquiring into endodontist Stevens's findings, as Defendant has not moved for summary judgment on this claim.